Argued January 25; reversed February 6, 1934

## STATE *v*. LESSARD ET AL.
(29 P. (2d) 509)

*George S. Shepherd,* of Portland (I. H. Van Winkle, Attorney General, on the brief), for the state.

*Delmore Lessard,* of Portland, for respondents.

BEAN, J. This is an action for the possession of personal property. The plaintiff alleges in its complaint and amended complaint, in substance, in addition to the formal allegations, that the state of Oregon, between and including the 12th and 24th days of October, 1931, was the owner of a certain cetacean known as a whale of the classification Orca Gladiator, during which time it took its abode in the Oregon slough in Multnomah county, Oregon; that without authority of said state, express or implied, said creature

was killed by defendants in said slough on October 24, 1931; that the plaintiff is the owner and entitled to the immediate possession of the body of said whale; that the same is of the value of $1,000; that on January 6, 1932, the defendants wrongfully and unlawfully seized and took possession of the body of said whale, and at the time of the commencement of this action wrongfully and unlawfully withheld possession thereof from the plaintiff within Multnomah county, Oregon, and do now wrongfully and unlawfully withhold possession thereof from the plaintiff, to plaintiff's damage in the sum of $1,000.

The trial court sustained a demurrer to the original complaint. Plaintiff moved the court for judgment as prayed for in the complaint, for the reason that defendants failed to answer. The defendants moved the court for an order striking the amended complaint. The court denied plaintiff's motion and granted defendants' motion to strike the amended complaint. Both parties standing on the record, the action was dismissed.

■ We think the complaint is sufficient. It plainly alleges ownership by the plaintiff and other facts sufficient to constitute a cause of action for the possession of the body of the whale. There is no denial of the ownership, or the wrongful taking, or any part of the complaint. The cause was argued upon its merits, as though there had been an issue raised.

■ The plaintiff claims that under the law the state is owner of all "royal fish". Whales within coastal and inland waters have always been a part of the king's own revenue and are denominated "royal fish". 1 Blackstone, 290. The rights and prerogatives of the crown under the common-law were vested in the state by the Revolution. 4 Enc. U. S. Reports, p. 84. The

state now has all the prerogatives of sovereignty. Public grants are to be construed strictly. Nothing passes by implication, and all doubts are resolved in favor of the state. *La Plaisance Bay Harbor Co. v. City of Monroe,* Walker's Ch. (Mich.) 155.

We take the quotation from *State v. Hume,* 52 Or. 1, 6 (95 P. 808), as follows:

" 'The individual,' says Mr. Justice Hadley in Smith v. State, 155 Ind. 611 (58 N. E. 1044, 51 L. R. A. 404) 'has no natural right to take game, or to acquire property in it, and all the right he possesses or can possess in this respect is granted him by the state.' The state being thus invested with the title to animals *ferae naturae,* they cannot be lawfully captured by any person without the express or implied permission of the state.''

It is stated in the brief of the plaintiff, and is not challenged by the defendants, that the spectacle of a real whale at play a hundred miles inland from the sea created interest at home and abroad, and was the source of much inquiry from the press and educational institutions in other parts of the world; that similar events in other countries, as recorded throughout the ages, were cited, and for a time Portland harbor was the object of unusual reference and great publicity; that after the killing the body of the whale was placed in a tank especially built and donated to the state and preserved by means of donations and placed on exhibit for its educational value.

We quote from 1 Bracton de Legibus Angliae, p. 111:

''There are also other things which appertain to the crown on account of the king's privilege, and so do not regard the common interests, so as to forbid their being given and transferred to another, because if they are transferred, the transfer will do harm to no one, neither to the king himself nor to the prince, and

if things of that kind are granted to any one, as wreck of the sea, treasure-trove, and a great fish, such as a whale, a sturgeon, and other royal fishes, it would be requisite, if a question thereupon arose, that he who claims for himself a liberty of this kind, should show that (a liberty) of this kind belongs to him, for if he have not a special warrant, he will not be able to maintain himself in that liberty, although he holds out in his own behalf a prescription of length of time; for great length of time in this case does not diminish, but increases the wrong.''

The distinction between royal fish and other fish and game is clearly set forth in *Parker v. The People,* 111 Ill. 581, 611 (53 Am. Rep. 643):

''This right, so far as concerned royal fish, (whales, porpoises and sturgeon,) was held by the sovereign for his own revenues, and so far as concerned all fish not royal, and in tide waters, was said to be in the king, in trust for all his subjects. So royal fish, when taken, were the property of the crown, by whomsoever taken; but fish not royal, taken in tide waters, became the property of the takers.''

A different rule prevails in regard to a whale or royal fish from that which pertains to ordinary food fish which are regulated by statute. Defendants seek to apply the latter rule. We find no statutory law enacted in this state governing a whale.

We think it was error to sustain the demurrer to plaintiff's complaint and to strike out the amended complaint.

The judgment of the circuit court will be reversed and the cause remanded with directions to overrule the demurrer and motion to strike plaintiff's complaint and for such further proceedings as may be deemed proper not inconsistent herewith.

RAND, C. J., CAMPBELL and BELT, JJ., concur.